**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Charles Brandon Rampey, Appellant.

Appellate Case No. 2016-001905

———————

Appeal From Pickens County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-245
Submitted November 1, 2019 – Filed August 19, 2020

———————

**REVERSED**

———————

William G. Yarborough, III, of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson, and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

———————

**PER CURIAM:** Reversed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Taylor*, 427 S.C. 208, 215, 829 S.E.2d 723, 727 (Ct. App.

2019) ("South Carolina approves the use of a modified *Allen*[1] charge, which must be neutral and even-handed, instruct both the majority and minority to reconsider their views, and cannot be directed at the jurors in the minority."); *Tucker v. Catoe*, 346 S.C. 483, 492-94, 552 S.E.2d 712, 717-18 (2001) (per curiam) (providing the following factors to consider in determining whether an *Allen* charge is unconstitutionally coercive: (1) whether the charge spoke specifically to the minority juror(s); (2) whether the trial court included in its charge any language such as "You have got to reach a decision in this case"; (3) whether there was an inquiry into the jury's numerical division; and (4) the timing of the returned verdict after the charge); *Taylor*, 427 S.C. at 218, 829 S.E.2d at 729 ("The *Tucker* criteria have never been deemed comprehensive."); *id.* ("The most troubling thing about the charge . . . is what it did not say: it did not tell the jurors they should not surrender their conscientiously held beliefs simply for the sake of reaching a verdict, an essential message that sometimes saves borderline charges from crossing the line into coercion."); *id.* at 219, 829 S.E.2d at 729 ("The charge . . . also overemphasized the cost and expense of a retrial."); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting the court need not address remaining issues when the prior issue is dispositive).

**REVERSED.**[2]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.